**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EVE FREED, | 3:06-cv-00035-BES-RAM |
| Plaintiff, | |
| v. | **ORDER** |
| TAHOE FOREST HOSPITAL DISTRICT, a Nevada general improvement district, | |
| Defendant. | |

Currently before this Court is Defendant's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment (#36), which was filed on June 15, 2007. In response, Plaintiff Eve Freed ("Freed") filed an Opposition to Motion for Summary Judgment (#49) and Defendant filed a Reply (#50).

**I. BACKGROUND**

Plaintiff Eve Freed ("Freed") claims she was discriminated against by her employer, Defendant Tahoe Forest Hospital District ("the Hospital"), because of her disability in violation of the Rehabilitation Act and the Americans with Disabilities Act ("ADA"). Plaintiff also claims that the Hospital deprived her of constitutional procedural due process in connection with the termination of her employment, in violation of 42 U.S.C. § 1983. Freed was hired to work as a registered nurse at the Hospital in August of 2000. During Freed's tenure at the Hospital, she committed numerous work-related errors and was repeatedly counseled by her supervisor, Pam Stock ("Stock"), regarding her performance. After years of performance incidents and concerns, Stock met with Freed on May 9, 2005 to engage in a formal written counseling session. When Freed continued to exhibit substandard patient care, she received a second

1  written warning on May 26, 2005 which noted that "[f]urther or similar inciden[ts] will result in
2  continued disciplinary action up to and including termination of employment." (Declaration of
3  Stock (#44), ¶ 16 and Ex. 10; Declaration of Newman (#39), Ex. A at 154:15-155:6).
4  According to the Hospital, Freed thereafter made a grave patient error in July of 2005 when
5  she neglected to notice a change in the medical orders for the dosage on a patient-controlled
6  analgesia pump.  At this point, the Hospital decided to terminate Plaintiff's employment, but
7  offered the option of resigning in lieu of termination.  Freed submitted her resignation on July
8  26, 2005.

9       Freed suffers from medical conditions related to her feet that impair her ability to walk
10 or ambulate.  She also has a visual impairment that affects her depth perception.  There is no
11 dispute that the Hospital was aware of Freed's impairments and granted Freed's requests for
12 leaves of absence in connection with her medical conditions.  There is also no dispute that
13 Freed failed to identify herself as an individual with a disability requiring a reasonable
14 accommodation.  Nevertheless, Freed contends she was treated unfairly, subjected to a
15 hostile work environment and forced to resign because of her physical impairments.  The
16 Hospital contends that Freed's job performance was deficient and she was asked to resign for
17 reasons unrelated to her medical conditions.  Freed does not dispute that she committed the
18 errors cited by the Hospital, but presents excuses for many of the incidents and contends that
19 she was being singled out.  Accordingly, Freed maintains that she was discriminated against
20 because of her disability and that she suffered adverse employment actions in retaliation for
21 requesting accommodations.

22      Plaintiff filed this lawsuit on January 23, 2006, asserting violations of the Rehabilitation
23 Act and  the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.  Plaintiff initiated a second
24 lawsuit against the Hospital on June 24, 2006, asserting a claim under the ADA based on the
25 same facts alleged in the first lawsuit.  On May 7, 2007, Plaintiff's two actions were
26 consolidated.  Defendant filed its Motion for Summary Judgment attacking each of Plaintiff's
27 alleged claims.
28 ///

Case 3:06-cv-00035-BES-RAM   Document 53   Filed 03/21/08   Page 3 of 8

## II.  ANALYSIS

**A.     Legal Standard for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998).  A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth.  Lynn v. Sheet Metal Workers Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986); S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1306 (9th Cir. 1982).

If the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, then the respondent must show by specific facts the existence of a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 249-50 (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation."  British Airways Board v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978); see also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free . . . to grant summary judgment."). Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Court notes as a preliminary matter that Freed's claims are facially weak because she fails to support her allegations or factual assertions with documented evidence from the record. Freed's deposition testimony has been provided, but the opposition does not contain a single citation to any testimony contained in this deposition. Only one citation to evidence exists in Freed's opposition on page 12, but the reference is to a deposition that does not exist in the record. Thus, Plaintiff provides little substance for this Court to review. See Anderson, 477 U.S. at 248 ("[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.") (internal quotation marks omitted); see also Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir.2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could be conveniently found."); Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (The court need not "scour the record in search of a genuine issue of triable fact," but rather must "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment."). By submitting an opposition that obfuscates rather than promotes an understanding of the facts, Freed's counsel has failed to properly identify with reasonable particularity the evidence that precludes summary judgment. Looking past the difficulties in the presentation of her pleading, Freed cannot prevail on the merits either.

**B.   Claims of Disability Discrimination**

Freed alleges that she was discriminated against in violation of the Rehabilitation Act of 1973 and the ADA.[1] To establish a prima facie case of disability discrimination under the

---

[1] Plaintiff also asserts a disability-based hostile work environment claim based on allegations of "unfair treatment" that Plaintiff believes were related to her physical impairments. The Ninth Circuit has not yet recognized a hostile work environment claim based on disability. See Brown v. City of Tucson, 336 F.3d 1181 (9th Cir. 2003). The Court finds that the behavior Freed relies upon for her hostile work environment claim consists primarily of employment actions that are more appropriately addressed in the context of Freed's disability discrimination claims.

4

1  Acts,[2] Freed must demonstrate that: (1) she is "disabled" as the Acts define that term; (2) she
2  is a "qualified individual with a disability," meaning that she can meet the essential eligibility
3  requirements of her job with or without reasonable accommodation; (3) she suffered an
4  adverse employment action because of her disability; and (4) the Hospital "received federal
5  financial assistance (for the Rehabilitation Act claim) or is a public entity (for the ADA claim)."
6  Wong v. Regents of University of California, 410 F.3d 1052, 1058 (9th Cir. 2005).  If Plaintiff
7  is able to make out a prima facie case of disability discrimination, then the burden shifts to
8  Defendant to demonstrate a legitimate nondiscriminatory reason for the adverse employment
9  action.  Lucero v. Hart, 915 F.2d 1367, 1372 (9th Cir. 1990).  If Defendant does so, then the
10 burden shifts back to Plaintiff to demonstrate that the proffered reason is a pretext.  Smith v.
11 Barton, 914 F.2d 1330, 1340 (9th Cir. 1990).  The ultimate burden remains with Plaintiff.  Id.

12  The Court is not entirely certain that Plaintiff has established a prima facie case of
13 discrimination, even given the low threshold of evidence required to do so.  In particular, the
14 evidence produced by Defendant clearly demonstrates that Plaintiff was not able to perform
15 the essential functions of her job, as indicated by Plaintiff's numerous and well-documented
16 performance deficiencies.  Freed presents no evidence to show that her performance
17 deficiencies were due to her alleged disabilities, and instead presents her own self-serving
18 testimony regarding the legitimacy of her performance issues.  However, plaintiff's subjective
19 belief regarding her job performance are not sufficient for a reasonable jury to find that she is
20 a qualified individual with a disability under the Acts.  See Bradley v. Harcourt, Brace & Co.,
21 104 F.3d 267, 270 (9th Cir. 1996) (concluding that an employee's subjective personal
22 judgments of her competence alone do not raise a genuine issue of material fact).

23  Even if Plaintiff could establish a prima facie case for her disability claims, the Court
24 finds that Plaintiff's claims nevertheless fail.  The record contains ample evidence that Freed's
25 inadequate job performance, and not her physical impairments, resulted in the employment

---

[2] Because "[t]he standards used to determine whether an act of discrimination violated the Rehabilitation Act are the same standards applied under the Americans with Disabilities Act," the Court will refer to them jointly as "the Acts."  See Walton v. U.S. Marshals Service, 492 F.3d 998, 1003, n.1 (9th Cir. 2007) (quoting Coons v. Sec'y of the U.S. Dept. of Treasury, 383 F.3d 879, 884 (9th Cir. 2004)).

actions taken by the Hospital. See (Motion (#37), pp. 2-10). Freed was repeatedly counseled about these inadequacies and when she failed to improve, she was asked to resign in lieu of termination. Thus, Defendant has articulated legitimate, nondiscriminatory reasons for its employment decisions. See Coghlan v. American Seafoods Co. LLC, 413 F.3d 1090, 1097-98 (9th Cir. 2005) (poor work performance is a legitimate, nondiscriminatory basis for an employment action). Plaintiff attempts to prove pretext by creating excuses for her job performance problems or portraying Defendant's complaints about her performance as overblown and therefore not warranted. However, the overwhelming evidence presented by Defendant forecloses Plaintiff's challenges. Plaintiff has not provided evidence to raise a genuine issue of material fact regarding the truth of Defendant's proffered nondiscriminatory reasons or "that a discriminatory reason more likely motivated" Defendant. See Snead v. Metropolitan Property & Cas. Ins. Co., 237 F.3d 1080, 1094 (9th Cir. 2001). Accordingly, Defendant is entitled to summary judgment as a matter of law on Plaintiff's claims of disability discrimination.

**C.   Retaliation Claims**

Freed claims that the Hospital retaliated against her for requesting accommodation for her physical impairments. To establish a prima facie case of retaliation under the ADA and the Rehabilitation Act, Plaintiff must show that she engaged in a protected activity (such as requesting a disability accommodation), an adverse employment action, and a causal link between the protected activity and the adverse employment action. Coons, 383 F.3d at 887 (Rehabilitation Act); Porter v. California Dept. of Corrections, 419 F.3d 885, 894 (9th Cir. 2005) (ADA context).

The Court finds that Plaintiff has failed to establish a prima face case of retaliation because she did not engage in protected activity and it therefore follows that no causal link exists between any alleged protected activity and the adverse employment actions. Freed maintains that she requested accommodation when she asked Stock for "a volunteer to be available on the medical surgical unit to assist when she was alone." (Opp. (#49), p. 2). However, Freed admits in her deposition testimony that she did not inform Stock she was

6

1  requesting a volunteer as an accommodation for her medical condition.  (Newman Dec. (#39), Ex. A at 55:20-60:3).  In the absence of any evidence that Stock was aware Freed was presenting a request for a disability accommodation, Freed is also unable to establish a causal link between a protected activity and the alleged adverse actions.  See Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity.").

In the absence of any evidence of protected activity or a causal link between the activity and Defendant's employment actions, Freed's retaliation claims fail because she cannot establish her prima facie case.  See Raad v. Fairbanks North Star Borough School Dist., 323 F.3d 1185, 1197 (9th Cir. 2003) (without evidence that principals who made the allegedly retaliatory decisions were aware of plaintiff's protected activity, there is no genuine issue of material fact on retaliation claim).

**C.    Municipal Liability under 42 U.S.C. § 1983**

To impose § 1983 liability on a municipality, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and, (4) that the policy is the 'moving force behind the constitutional violation.' " Plumeau v. School Dist. No. 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (quoting Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992)); see also Monell v. Dep't of Social Servs., 436 U.S. 658 (1978) ("a municipality cannot be held liable under § 1983 on a respondeat superior theory").  Plaintiff has no cognizable claim under § 1983 because she has failed to demonstrate that the Hospital deprived her of a constitutional right.  See Baker v. McCollan, 443 U.S. 137, 142-47 (1979) ("[t]he first inquiry in any § 1983 action is whether the plaintiff has been deprived of a right secured by the Constitution and laws") (citations and quotations omitted).

Plaintiff alleges in her Complaint that the Hospital, "through its agents acting under color of state law, and pursuant to a custom or policy of Defendant, deprived Plaintiff of procedural

///

7

due process, a right guaranteed to her by the Fourteenth Amendment."[3] (Complaint (#1), ¶ 27). Plaintiff specifically claims she was deprived of her property interest in employment with the Hospital without due process. (Complaint (#1), ¶¶ 19-20). Plaintiff contends in her Opposition that her forced resignation amounted to a constructive discharge, and that she was deprived of her employment without due process because she was denied some unspecified "post-deprivation process."[4] (Opp. (#49), p. 13). The Hospital does not dispute that Freed's employment is a cognizable property interest. However, the Hospital correctly points out that Freed received all the process that was due to her under the Constitution. Freed was entitled to avail herself of the post-termination appeal procedures set out in a Memorandum of Understanding ("MOU") between Plaintiff's Union and the Hospital. Moreover, Freed admits that she did not initiate a grievance under the MOU in connection with her termination because she "didn't want [her] job back." (Reply (#50), Ex. A, Freed Deposition at 193:1-7).

The Hospital is entitled to summary judgment on Plaintiff's Fourteenth Amendment claim because Plaintiff has failed to present any evidence to substantiate her allegation that she was deprived of any post-termination due process.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment (#36) is GRANTED. The Clerk of the Court shall therefore enter Judgment for Defendant Tahoe Forest Hospital District and against Plaintiff Eve Freed. The Clerk of the Court shall close the case.

DATED: This 21ST day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The Fourteenth Amendment provides, in relevant part, that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." See Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc).

[4] Notably, Plaintiff concedes that "pre-termination process may have been provided." (Opp. (#49), p. 13).